Mary C. LUCAS, Executrix of the Estate of Mary T. Mannering, Appellant,

v.

Danny Ray MANNERING, William Landers and Robert Lee Landers, Appellees.

Danny Ray MANNERING and William Landers, Cross–Appellants,

v.

ESTATE OF Mary T. MANNERING by Mary C. LUCAS, Executrix, Cross–Appellees.

Nos. 86–CA–001659–MR, 86–CA–001686–MR.

Court of Appeals of Kentucky.

Dec. 23, 1987.

Rehearing Denied Feb. 26, 1988.

Michael L. Allen, Allen & Saunders, P.S.C., Louisville, for appellant/cross-appellee.

Ben B. Hardy, Durward W. Maynard, Donald M. Heavrin, Louisville, for appellees/cross-appellants.

Robert Lee Landers, pro se.

Before CLAYTON, McDONALD and MILLER, JJ.

CLAYTON, Judge.

Mary C. Lucas, executrix of the estate of Mary T. Mannering, appeals from a judg-

ment entered in a declaratory judgment action brought by her in the Jefferson Circuit Court to determine her authority to sell certain parcels of real property remaining in the Mannering estate in lieu of conveying the property to the residuary beneficiaries of the estate. The circuit court held that Lucas' power to sell the realty was discretionary and there being no reason presented for the sale which would have benefited the estate, ordered her to convey the property to the residuary beneficiaries. We agree with the trial court's decision and affirm.

The appellees, Danny Ray Mannering, William Landers and Robert Lee Landers, are the sons of Mary T. Mannering and the residuary beneficiaries of her estate. They cross-appeal from the portion of the judgment granting Donald Heavrin's motion for an attorney's fee of $2,000 to be paid from the estate and the portions ordering Mrs. Lucas to collect the rents from the real estate in question and ordering her to submit a final settlement to the district court.

The facts are not substantially in dispute. Mrs. Mary T. Mannering died on April 25, 1982. Mrs. Lucas, named executrix in a codicil dated March 9, 1980, to the 1978 will of Mrs. Mannering, qualified as executrix on May 14, 1982.

Under the terms of the will, appellees, Danny Ray Mannering and Robert Lee Landers, each received the land on which they resided. The remainder of the estate, which consisted of some personal property and two noncontiguous tracts of land, was to be divided equally between the three sons. All debts and administration costs were paid first out of the estate, thus no outstanding creditor claims exist.

The problem in this case stems from a discretionary power of sale for realty and personalty of the estate granted to the executrix in paragraph IV of the will. It reads as follows:

I hereby grant to my Executor the continuing, absolute, discretionary power to deal with any property, real or personal, held in my estate as freely as I might in the handling of my own affairs. Such power includes the right to sell and con-

vey any of the assets of my estate which I now possess or may acquire or become entitled to after the execution of this Will.

It appears that the will was drafted by an attorney who was also appointed as executor but who was later replaced by Mary Lucas via the codicil dated March 9, 1980.

Mary Lucas promptly sold one parcel of land to the individuals who had been leasing it from Mrs. Mannering and had built their home thereon. The remaining real estate consists of approximately 7.45 acres and it was appraised in February of 1983 at approximately $137,000. A number of individuals leased portions of this property from Mrs. Mannering and built homes thereon. A dispute arose when Mary Lucas expressed her desire to sell this real estate to the leaseholders despite the wishes of the residuary beneficiaries to take fee simple title in the property.

In order to resolve this dispute, Mary Lucas filed an action for declaratory judgment in the Jefferson Circuit Court on June 24, 1983. An answer and counterclaim was filed by the defendant/appellees alleging certain improprieties in Mary Lucas' administration of the estate and seeking her removal together with damages.

On January 14, 1984, an order was entered by Judge Shobe which removed Mary Lucas as executrix. However, this order was not based on an evidentiary hearing. On September 9, 1985, the case was reassigned to Judge Johnstone, who, after a hearing, found that the appellees failed to meet their burden for removing Mary Lucas as executrix and accordingly Judge Shobe's order was set aside. The remaining issue, whether Mary Lucas had the authority to sell the residual property, was briefed by the parties and the final opinion, order and judgment was entered on June 20, 1986.

On appeal, Mrs. Lucas argues that paragraph IV of the will clearly empowers her with the unrestricted authority to sell the residual property of the estate and divide the proceeds among the residual beneficiaries. Apparently, her reason for wanting to sell the property is that the lease-

holders are her long-time friends and she is concerned that their leases would not be renewed. Mrs. Lucas stated to the lower court that Mrs. Mannering orally indicated her desire to accommodate the leases. Mrs. Lucas further expressed to the trial court her willingness to convey the realty to the sons if measures were taken to preserve the leaseholds.

We cannot agree that Mrs. Lucas is vested with the unqualified authority to sell the residual real estate. An executrix is a fiduciary. KRS 395.001. More accurately, an executrix is a trustee, and funds of the estate in her hands are trust funds. *Carpenter v. Planck*, 304 Ky. 644, 201 S.W.2d 908 (1947); 31 Am.Jur.2d *Executors and Administrators* Section 2 (1967). The executrix represents the testatrix *and* to a very great extent, the heirs, legatees or distributees, for whose benefit probate proceedings are had. 33 C.J.S. *Executors and Administrators* Section 142 (1942). *See Carpenter, supra.*

In its eight-page opinion, order and judgment, the trial court noted that if Mrs. Mannering had intended the leaseholders to have the land, she could have easily granted them a purchase option. The record reveals no compelling evidence that it was Mrs. Mannering's intent to have the property sold and the proceeds divided among her sons. The record, however, certainly does reflect the beneficiaries' desire to take the property in-kind rather than the proceeds from a sale of it. Thus, we conclude that it is Mrs. Lucas' duty as fiduciary to the testatrix and the beneficiaries, to transfer the property to the appellees.

Turning to the cross-appeal of the appellees/cross-appellants. They first assert that the trial court committed reversible error by granting Donald Heavrin an attorney's fee of $2,000 to be paid from the estate. Under KRS 395.195(18), a personal representative of an estate is authorized to employ an attorney to assist her in performing her administrative duties. Mr. Heavrin provided assistance to the estate by representing Mrs. Lucas at the hearing on January 7, 1986, which resulted in the order setting aside Judge Shobe's order

removing Mrs. Lucas as executrix of Mrs. Mannering's estate. An executrix has the right to defend in court her authority to act. 33 C.J.S. *Executors and Administrators* Section 141 (1942). We cannot say that it is clearly erroneous to conclude that Mrs. Lucas' duty to administer the estate includes defending her appointment as executrix made by the testatrix. The trial court allowed a $2,000 fee, to be paid out of the estate, for Mr. Heavrin's services to the estate. We do not believe this finding is clearly erroneous; thus, we will not disturb it on appeal. We note that Mr. Heavrin also represented Mrs. Lucas' original attorney during certain procedures below and the trial court properly refused to award any fees for these services.

Next, the cross-appellants assert that the trial court committed reversible error by ordering Mrs. Lucas to continue collecting rental receipts owed to the estate until a final settlement is approved by the district court. The cross-appellants argue that upon the death of the testatrix, the real property of the estate immediately passes to them as heirs or devisees, subject only to the power of the executrix to sell such property. They contend that since Mrs. Lucas had no legitimate reason to sell the property, it passes immediately to them. The trial court determined that it was in the best interest of the estate for Mrs. Lucas to collect all rents and "make a full and complete accounting of all rental collection activity to be tendered to the District Court upon submission of the final settlement." We cannot say that this is an improper order in light of the executor's duty to collect and manage the estate. Lastly, the cross-appellants claim that the trial court failed to consider the issue stated in their answer and counterclaim concerning the removal of the executrix and damages caused by her breach of fiduciary duty. This issue was disposed of by the order dated January 7, 1986, wherein Judge Johnstone set aside the prior order removing Mrs. Lucas as executrix, after finding that the cross-appellees failed to meet their burden of proof. Thus, the trial court was correct in sending the case back

to the district court for final settlement. The judgment of the Jefferson Circuit Court is affirmed on both the direct appeal and the cross-appeal.

MILLER, J., concurs.

McDONALD, J., concurs by separate opinion.

McDONALD, Judge, concurring:

I concur with the result reached in the majority opinion. However, there are two points which I believe deserve special attention, so I will elaborate. The first point concerns the description given the executors. KRS 395.001 specifically includes executors within the definition of "fiduciary" under Kentucky law. Herein, a fiduciary duty being placed upon Mrs. Lucas as executrix of the estate is beyond dispute. However, the majority goes further and asserts that "an executrix is a trustee, and funds of the estate in her hands are trust funds." *Carpenter v. Planck*, 304 Ky. 644, 201 S.W.2d 908 (1947), and 31 Am.Jur.2d *Executors and Administrators* § 2 at 28, are cited as authority for the principle. Both authorities couch their respective propositions in terms such as "analogous" (*Carpenter*), and "in other words" (Am.Jur.2d). Likewise, it is the omission of such provisional language in the majority opinion with which I take exception. Such an unqualified, dogmatic assertion seems unnecessary for the result reached and appears contrary to the *Restatement (Second) of Trusts* § 6 (1959), which distinguishes the two entities despite their similarities. To analogize executors and trustees is one thing; to hold them equal to each other is quite different.

The second point concerns the effect our opinion may have upon the leaseholders herein. The tract of land is currently leased to as many as fifteen separate individuals, some of whom have built cabins and homes on their plots. The leases were entered into between the decedent, Mrs. Mannering, and her friends and neighbors. The record indicates that some of the lease agreements are oral agreements.

The appellant argues that the testatrix intended these lease agreements be honored in the event of her death and that the discretionary power of sale given the executrix would protect the lessees through her last will and testament. Unfortunately for the leaseholders, Mrs. Mannering's will did not adequately express that intent. The trial court reasoned that the testatrix could have devised the plots to the leaseholders or could have granted them an option to purchase if she had so desired. It is the contrast between the alleged intent of the testatrix and the effect of our opinion which concerns me. It is obvious that the beneficiaries of the will have no desire to accommodate the leases and, to the contrary, it seems that their motives are opposite those claimed by the executrix.

While the facts of this case support the findings of the trial court, the likelihood of further lawsuits and the danger that our opinion may in some fashion be construed as favoring the desires of beneficiaries of a will over the intent of the testator are too great to ignore.