Andrew B. WHITE and Rayann
White, Appellants,

v.

Howard E. WHITE, Jr., Administrator of the Estate of Anna T. White, Deceased, and Co-administrator with the Will An- nexed of the Estate of Howard E. White, Sr., Deceased; Sisters of Nazareth Char- ity Health Corporation, d/b/a St. Joseph Hospital; Gess, Mattingly and Atchison, Attorneys at Law; and Lexington–Fay- ette Urban County Government, Appel- lees.

No. 93–CA–000011–MR.

Court of Appeals of Kentucky.

July 1, 1994.

Ordered Published by
Court of Appeals Aug. 26, 1994.

Tavner B. Dunlap, Versailles, for appellants.

Sharon Kay Hilborn, James David Lyon, Lyon, Golibersuch, Darling & Reynolds, Lexington, for appellee Howard E. White, Jr.

John W. Oakley, Turner, Trigg, Oakley & Gore, Lexington, for appellee Sisters of Nazareth Charity Health Corp.

William R. Hilliard, Jr., Walter R. Morris, Jr., Gess, Mattingly & Atchison, Lexington, for appellee Gess, Mattingly & Atchison.

No Appearance for appellee Lexington–Fayette Urban County Government.

Before EMBERTON, HUDDLESTON and JOHNSTONE, JJ.

*OPINION*

HUDDLESTON, Judge.

Howard E. White, Sr. died testate on August 1, 1982. His wife, Anna T. White, was appointed executrix of his will. Anna died intestate on June 1, 1985, and her son, Howard E. White, Jr., was appointed administrator of her estate. Howard and his brother, Andrew, were also appointed co-administrators with the will annexed of their father's estate.

In 1992, some seven years after his mother's death and ten years after his father's death, Howard sued in Fayette Circuit Court to settle the two estates. He initiated the action in his capacity as administrator of Anna White's estate and as co-administrator with the will annexed of the estate of Howard E. White, Sr.[1] As defendants, he named the Sisters of Nazareth Charity Health Corporation, d/b/a St. Joseph Hospital,[2] Gess, Mattingly and Atchison, Attorneys at Law, and the Lexington–Fayette Urban County Government, all of whom he alleged had claims against the estates. Howard also alleged that he and his brother, Andrew, were their parents' only beneficiaries. Thus, Andrew, as well as his wife, Rayann, were named defendants.[3]

Howard alleged that the sole asset of both estates was a house and lot located as 4774 Todds Road in Lexington. He also claimed that the estates lacked sufficient personalty to satisfy claims made against them and demanded that the court order the real property formerly owned by his parents sold.[4] Although the Fayette County Property Valuation Administrator's office assessed taxes on three distinct parcels separately deeded to the Whites, Howard maintained that the property was indivisible and could not be sold separately without impairing its value.

---

1. Howard brought the estates of his parents before the circuit court for settlement as if they were joint and the court granted relief in the same manner. However, the two estates are separate and distinct.

2. Hereafter referred to as "St. Joseph Hospital" or "the hospital."

3. We are unable to determine from the record before us whether Howard is married. If he is, his wife is not a party to this action.

4. In their answer, Andrew and Rayann admitted that the estates lacked sufficient personalty, but denied the latter part of Howard's allegation, that the real property ought to be sold.

Howard, in his representative capacity, asked the court to order the sale of the real property and the payment of claims against the estates from the proceeds. Howard also asked for his costs, including attorney fees, and for reasonable rents accruing from Andrew and Rayann's possession of the subject property. Andrew and Rayann moved to dismiss the complaint. Howard responded with a motion for summary judgment, to which Andrew and Rayann filed no response.[5] After hearing arguments, the court denied Andrew and Rayann's motion to dismiss and granted Howard's motion for summary judgment. Andrew and Rayann appeal. Upon a review of the record, we hold that the evidence before the circuit court when it granted Howard's motion for summary judgment did not provide a basis for the court-ordered sale of the realty. Thus, we reverse the judgment and remand this case to Fayette Circuit Court for further proceedings.

■ Ky.Rev.Stat. (KRS) 395.510 and 395.515 provide a method by which a representative, legatee, distributee or creditor may bring an action in circuit court to settle an estate at least six months after the qualification of the personal representative. Under KRS 395.510(2), "[t]he representatives of the decedent, and all persons having a lien upon or an interest in the property left by the decedent ... and the creditors of the decedent ... *must* be parties to the action as plaintiffs or defendants." (Emphasis supplied.) The requirements of the statute are mandatory, as indicated by the word "must." The suit filed by Howard did not comply with the statute for he failed to name himself in his capacity as an heir to his parents' estates and Andrew in his capacity as co-administrator with the will annexed of their father's estate.[6] An action failing to name all the heirs and representatives of a decedent would incompletely settle the estate and frus-

trate the statute's purpose. The statute seeks to "bring the entire estate of [a] decedent and the statement of his debts within the jurisdiction of the court, so that the rights of *all parties interested* in either may be determined." *Smith v. Burnett,* 300 Ky. 249, 188 S.W.2d 480, 482 (1945) (discussing the statutory predecessor to KRS 395.515) (emphasis supplied). We hold that the trial court erroneously allowed Howard's suit to continue despite the failure to name himself as an heir and his brother, Andrew, as the co-administrator with the will annexed of their father's estate. Upon remand, Howard *should be permitted to amend his complaint* to supply this deficiency.

■ Under KRS 395.515, a petition must contain certain allegations before the circuit court has authority to act. The petition must enumerate the estate's debts, as well as the nature and value of property subject to the estate, both real and personal. Under certain circumstances, the statute authorizes a court to order the sale of property:

> [I]f it shall appear that the personal estate is insufficient for the payment of all debts, the court may order the real property descended or devised to the heirs or devisees who may be parties to the action, or so much thereof as shall be necessary, to be sold for the payment of the residue of such debts.

KRS 395.515. This power is dependant upon a finding that the personalty is insufficient to satisfy the debts. *Jones v. Edmunds,* Ky., 477 S.W.2d 771, 773 (1972). The court below failed to make this required finding before ordering the property sold. A court may not summarily order property sold without first determining whether personal property sufficient to satisfy valid claims against an estate exists. The statute clearly provides that the real property passing through an estate is to be preserved and shall only be sold after all other assets have been exhausted. Here, it

---

**5.** Apparently, Andrew and Rayann attempted to file a revised version of their motion to dismiss, which contained copies of the inventories filed in each estate and other supporting documents, the morning their motion and Howard's summary judgment motion were scheduled to be heard by the court. Due to the late filing, the court did not consider the revision. Had this document

been timely filed, it would have been treated as a motion for summary judgment under CR 56, rather than a motion under CR 12.02, due to the inclusion of matters outside the pleadings.

**6.** If Howard is married, he should have also named his wife as a party to the action.

was not established that either estate lacked sufficient personalty to pay valid claims. Without such evidence, the court lacked authority under KRS 395.515 to order the sale of the property owned by the decedents at the time of their deaths.

■ Andrew and Rayann argue that St. Joseph Hospital's claim for services provided during Howard E. White, Sr.'s last illness is barred by the statute of limitations. According to *Kentucky–Virginia Stone Co., Inc. v. Ball,* Ky., 426 S.W.2d 455, 458 (1968), the filing of a claim against an estate does not toll the running of the statute of limitations as to that debt. Thus, say Andrew and Rayann, the hospital's claim is barred by its failure to bring suit to collect the debt within the five-year limitation imposed by KRS 413.120. The hospital maintains that the fifteen-year limitation of KRS 413.090 applies because its claim is not simply an open account, but is based upon a promissory note signed by Anna White individually and purportedly as representative of the estate of Howard White, Sr.[7] However, the promissory note referred to by the hospital is not part of the record on appeal. In its answer, the hospital simply alleged that it filed a claim against the estate of Howard E. White, Sr. The insertion of the promissory note in the hospital's brief at this stage of the proceedings is an improper attempt to introduce evidence outside the record. Since our review is limited to the pleadings and evidence considered by the circuit court, we decline to consider the promissory note in reaching our decision, although to do so would not change the result.

■ The court below improperly ordered the hospital's claim paid. More than five years elapsed from the time Howard E. White, Sr.'s account became due until St. Joseph Hospital filed an answer in this action asking that its claim be paid. After initially filing a claim against Howard E. White, Sr.'s estate, the hospital undertook no further action to collect its debt. It could have brought an action to settle the estate under KRS 395.510. A creditor may not file a claim upon an estate, allow the applicable statute of limitations to run, and then assert its right to recover the debt outside the limitations period. The court erred by considering this time-barred claim in determining whether the real property held by Howard E. White, Sr.'s estate ought to be sold under KRS 395.515.

■ The court's failure to distinguish between the two estates allowed St. Joseph Hospital to recover its debt from assets held by Anna T. White's estate, against which a claim has not been filed. Only the property held by Howard E. White, Sr. is subject to the claims of his creditors, such as the hospital. At his death, Howard Sr. held an interest in three residential lots. He owned one lot individually and two lots with his wife, Anna, as joint tenants with right of survivorship. While these three pieces of property apparently were known collectively as 4774 Todds Road and were occupied by Howard and Anna as their residence, only the property held by Howard E. White, Sr. individually at his death passes through his estate. The remaining two parcels of land devolved to Anna outside Howard's estate due to their joint ownership. Nevertheless, the court ordered all the property sold as an indivisible asset without a finding that the property was, in fact, indivisible. The judgment did not insure that only the real property individually owned by Howard E. White, Sr. was to be sold to pay claims made against his estate. The court's order also failed to adequately preserve the real property in Anna's estate, for a "court is without authority to sell any more of the land in such a proceeding than is necessary for the payment of the debts." *Ware's Guardian v. Ware,* 233 Ky. 109, 25 S.W.2d 56, 57 (1930).

■ Andrew and Rayann argue that the trial court erroneously awarded Gess, Mattingly & Atchison attorney fees for each estate without first finding that the fees are reasonable. An administrator is allowed to retain the services of an attorney to assist

---

7. The promissory note was purportedly signed by Anna White on the day her husband was admitted to St. Joseph Hospital. The hospital provides no evidence indicating that Anna White had authority to act or bind her husband when she signed the note; she could not have signed it as representative of her husband's estate as he was still alive.

and counsel him in the performance of his duties. KRS 395.195(18). If an administrator does so, attorney fees are a chargeable claim against an estate, provided the fees are reasonable. *Harrell v. Westover,* Ky., 283 S.W.2d 197, 199–200 (1955); see also *Lucas v. Mannering,* Ky.App., 745 S.W.2d 654, 656 (1987). Without the amount of the fee being known, a court could not possibly determine whether the fee is reasonable. It is error to order attorney fees paid without such a finding.

■ Howard successfully sought recovery under KRS 395.510 of attorney fees incurred in connection with his suit to settle the estates of his parents. Andrew and Rayann argue that the court erred in awarding such fees because this suit did not benefit the estates. A showing of benefit to an estate is not required, but

> where no benefit is shown either to the estate or the other beneficiaries no such allowance should be made unless there appears some good reason for the filing of the suit. We think such a rule will protect estates from unnecessary and fruitless litigation and at the same time prevent unreasonable delay on the part of fiduciaries in the final distribution and settlement of estates.

*Johnson v. Ducobu,* Ky. 258 S.W.2d 509, 510 (1953); see also *Lucas v. Mannering,* 745 S.W.2d at 656. The court below erred by awarding Howard the fees incurred in prosecuting this suit without finding that he maintained it with a good reason. Further, the court must approve the amount of the fees as a part of its final judgment.

■ Below, the Commonwealth of Kentucky [8] filed an answer and cross-claim asking that the unpaid property taxes be paid from the proceeds of any sale. Unpaid taxes are owed on property held by Howard E. White, Sr., individually, for the years 1988 through 1991. The property taxes on Howard and Anna's jointly owned property have also gone unpaid. Taxes are owing for the years 1988 through 1991 on one parcel and for the years 1984 through 1991 on the second parcel.[9] All unpaid property taxes, except assessments made before Anna's death, are not debts owed by either Howard or Anna and thus are not chargeable against their estates. Accordingly, the Commonwealth in its answer did not assert that it had made claims against the estate for unpaid taxes. Rather, the Commonwealth alleged that it held a lien against the property and that any court-ordered sale of the property would be subject to its lien. The court may not consider the unpaid taxes in determining whether a sale of the property must be ordered. However, any disposition of the property is subject to the Commonwealth's lien for the unpaid taxes.

At the heart of this action to settle the estates is a dispute between the two heirs over the use of their parents' home. It appears that Andrew has refused to cooperate with efforts to pay claims made against the estates and to disperse the assets according to the terms of his father's will and the law of descent and distribution applicable to his mother's estate. While Andrew's actions may have hindered efforts to settle the estates, the court improperly awarded Howard rent for Andrew's use of the property. Howard plead no ground nor offered any theory supporting his argument that Andrew and Rayann owed rent for their use of the property. The court erred in summarily granting Howard "reasonable rents" without setting forth the basis for doing so. In any event, if rent is to be awarded, the amount awarded must be stated in the judgment.

Ultimately, this dispute between the heirs must be resolved. However, resolution of the dispute requires that Howard stand before the court in his capacity as an heir and Andrew in his capacity as co-administrator of Anna's estate, and that a hearing be held so that the court may fully determine the heirs' rights and interests in the estates. While, we sympathize with Howard's desire and the

---

8. Howard alleged that the Lexington–Fayette Urban County Government held a lien against the property for overdue property taxes. The Commonwealth of Kentucky, County of Fayette, by and on relation of Kim Burse, Secretary of Revenue, filed an answer in the suit as the proper party.

9. Additional taxes may now be due.

court's interest in concluding and settling these estates, the administration of which has been prolonged, we cannot allow a summary judgment to stand where material factual issues remain to be resolved and where the amounts of rent and attorney fee awards remain unstated. The judgment is reversed and this case is remanded for further proceedings consistent with this opinion.

All concur.