The ESTATE OF Jean C. "Fox" DEMOISEY, J. Fox DeMoisey, Executor, Appellant

v.

RIVER DOWNS INVESTMENT CO., Appellee.

No. 2006–CA–001494–DG.

Court of Appeals of Kentucky.

Aug. 10, 2007.

Richard W. Hill, Louisville, KY, for appellant.

Richard L. Robinson, Kevin L. Murphy, Ft. Mitchell, KY, for appellee.

Before LAMBERT and STUMBO, Judges; GUIDUGLI,[1] Senior Judge.

## OPINION

STUMBO, Judge.

The Estate of Jean C. "Fox" DeMoisey, J. Fox DeMoisey, Executor (hereinafter "the Estate") appeals from an order of the Campbell Circuit Court affirming a judgment and order of the Campbell District Court. The Estate contends that the District Court improperly concluded that the Estate failed to demonstrate a good reason for prosecuting an appeal, and that the Executor therefore was not entitled to re-

1. Senior Judge Daniel T. Guidugli sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

coup costs and attorney fees associated with the appeal. That appeal arose from an action instituted by River Downs Investment Company ("River Downs") to recover payment for a gambling debt. For the reasons stated below, we conclude that the appeal at issue was taken for good cause, and reverse the order from which the Estate appeals.

The facts are not in dispute. Jean C. "Fox" DeMoisey died on December 27, 1998. Approximately two weeks prior to his death, he signed a promissory note in favor of River Downs in the amount of $34,510.80. The note was signed for the purpose of covering gambling losses incurred by decedent DeMoisey's use of a telephone betting account. J. Fox DeMoisey, an attorney and son of Jean, was appointed Executor. On March 22, 1999, River Downs sent a written claim to the Estate seeking recovery under the note. The Estate took no action on the claim other than to request further information. In November, 2001, River Downs sent a letter to the Estate inquiring about the status of its claim. About 11 months later on October 24, 2002, J. Fox DeMoisey sent a letter to River Downs disallowing the claim as void pursuant to KRS 372.010. That statute declares any claim for gambling debts void as against public policy.

In June of 2003, the Estate filed a motion in the Campbell District Court seeking an order permitting it to disallow the claim pursuant to KRS 396.055(1).[2] A hearing on the matter was conducted, after which the District Court rendered an order denying the motion. As a basis for the denial, the court found that the Executor presented no evidence to justify or explain the Estate's failure to file a timely notice of disallowance for a period of over three years. The Estate unsuccessfully appealed the ruling to the Campbell Circuit Court. The matter was then appealed to the Kentucky Court of Appeals, which also affirmed. In a published opinion, a panel of this Court held that the gambling debt-which was not recoverable by operation of KRS 372.010-became a valid and enforceable debt when the Estate failed to disallow it within 60 days as required under KRS 396.055(1).

Sometime thereafter, the Executor filed a motion in District Court seeking payment of costs and attorney fees incurred prosecuting the appeal. River Downs filed exceptions to the motion, after which a hearing on the matter was conducted. River Downs argued that the payment of attorney fees was not justified because no benefit inured to the Estate from the Executor's appeal. It also noted that the payment of attorney fees would diminish the corpus of the Estate to such a degree as to effectively bar recovery of its original claim against the Estate. After taking proof, the District Court rendered a judgment and order on December 16, 2005, granting River Downs' motion to disallow payment from the Estate of the attorney fees and costs incurred in the appellate process. It found that since the Executor presented no evidence to justify or explain his failure to file a timely notice of disallowance under KRS 396.055(1), there was no reasonable basis for prosecuting an appeal and incurring costs and legal fees.

The Executor appealed as a matter of right to the Campbell Circuit Court, which rendered an order on June 14, 2006, affirming. The Circuit Court found that the District Court did not abuse its discretion in determining that the prior appellate

---

**2.** For a more detailed recitation of the procedural history, see *DeMoisey v. River Downs,* 159 S.W.3d 820 (Ky.App.2005).

process was not pursued with good reason. This appeal followed.

The Estate now argues that the Circuit Court committed reversible error in affirming the District Court's judgment and order disallowing the payment of attorney fees and costs arising from the prior appellate process. Though noting that it had a constitutional right of appeal, the corpus of its argument is that the Executor had a fiduciary duty to defend against River Downs' claim because, as a gambling debt, the claim was void by operation of KRS 372.010. It argues that the appellate process was required by the facts and the law, and maintains that the District Court erred as a matter of law in concluding that no benefit inured to the Estate by prosecuting the appeal. In sum, it argues that the Executor had a fiduciary duty to defend against a void claim, that the costs and attorney fees incurred by that defense were justified, and that the District and Circuit Courts erred in failing to so rule.

In response, River Downs maintains that the District Court correctly found that the Executor offered no excuse or justification for failing to disallow the claim in a timely manner. As such, it maintains that the appellate process which followed was not supported by the law and did not justify an award of costs and attorney fees. Ultimately, this issue will determine whether River Downs recovers anything from the Estate arising from the debt, because the parties have stipulated that the payment of costs and attorney fees would deplete most or all of the corpus of the Estate.

KRS 372.010 states as follows:

Every contract, conveyance, transfer or assurance for the consideration, in whole or in part, of money, property or other thing won, lost or bet in any game, sport, pastime or wager, or for the consideration of money, property or other thing lent or advanced for the purpose of gaming, or lent or advanced at the time of any betting, gaming, or wagering to a person then actually engaged in betting, gaming, or wagering, is void.

The Estate argued below that this provision operated to make void River Downs' claim to recover the gambling debt. During the course of adjudicating the Estate's motion to disallow the claim, however, a question of law arose on the issue of whether KRS 372.010 or KRS 396.055(1) should be given priority. On one hand, KRS 372.010 supported the argument that River Downs' claim was void; on the other, the Estate failed to comply with KRS 396.055(1)'s requirement that claims must be disallowed by the Estate, if at all, within 60 days of receipt. The matter proceeded to a panel of the Kentucky Court of Appeals, which determined in a published opinion that the void gambling debt claim became a valid and enforceable claim when the Estate failed to disallow it in a timely fashion as required by KRS 396.055(1).

In adjudicating the Executor's claim for costs and attorney fees arising from the aforementioned appellate process, the District Court relied on *White v. White*, 883 S.W.2d 502 (Ky.App.1994), in determining that the Executor did not—in the language of *White*—pursue the appellate process "with a good reason." The question now before us is whether this determination was supported by the law.

█ *White* established a very low threshold for distinguishing between legitimate estate actions meriting entitlement to costs and attorney fees, and illegitimate actions not meriting the same. In order to justify the action—and entitle the Executor to costs and fees—an estate need not even show that it benefited from the action. "[Appellants] argue that the court erred in awarding such fees because this

suit did not benefit the estates. A showing of benefit to an estate is not required...." *White*, 883 S.W.2d at 506. However, where no benefit is shown, costs and fees are not recoverable "unless there appears some good reason" for prosecuting the action. *Id.*

██ We must conclude that the question of law raised below constituted "some good reason" to support the Executor's engagement in the appellate process. The Executor arguably had a fiduciary duty to defend against a void claim even if that defense was not timely. We note that the issue of whether a void claim could be transformed into an enforceable one by inaction on the part of an Executor was novel and of first impression. If the panel of this Court that considered the appeal had concluded that the Estate's failure to disallow the claim in a timely manner did *not* convert the debt to a valid and enforceable claim—which the panel very well could have done—the Estate would have been relieved of its obligation to pay the claim. This certainly would have benefited the Estate. And *arguendo*, even if the proceeding would not have benefited the Estate, the resolution of the novel question of law constituted "some good reason" for appealing the matter to the Circuit Court and Court of Appeals. Accordingly, we must conclude that the appeal process below satisfied *White*, and that the District Court erred in failing to so rule.

For the foregoing reasons, we reverse the order of the Campbell Circuit Court which affirmed the judgment and order of the Campbell District Court.

ALL CONCUR.