RENDERED: FEBRUARY 28, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1069-MR

ROBERT A. MARSHALL                                   APPELLANT


                 APPEAL FROM JEFFERSON CIRCUIT COURT
v.                  HONORABLE JULIE KAELIN, JUDGE
                     ACTION NO. 20-CI-005267


MICHAEL L. BRUMLEVE; AMY B.
MILLER; DOUGLAS J. BRUMLEVE;
AND MEGAN B. THEISEN                             APPELLEES

AND


NO. 2023-CA-1105-MR

MICHAEL L. BRUMLEVE, AS
TRUSTEE OF THE BENEDICT L.
BRUMLEVE REVOCABLE TRUST
AGREEMENT DATED JULY 7, 2005;
AMY B. MILLER, AS TRUSTEE OF
THE BENEDICT L. BRUMLEVE
REVOCABLE TRUST AGREEMENT
DATED JULY 7, 2005; DOUGLAS J.
BRUMLEVE, AS TRUSTEE OF THE
BENEDICT L. BRUMLEVE
REVOCABLE TRUST AGREEMENT
DATED JULY 7, 2005; AND MEGAN
B. THEISEN, AS TRUSTEE OF THE
BENEDICT L. BRUMLEVE

REVOCABLE TRUST AGREEMENT
DATED JULY 7, 2005                                    CROSS-APPELLANTS


CROSS-APPEAL FROM JEFFERSON CIRCUIT COURT
v.          HONORABLE CHARLES L. CUNNINGHAM, JR., JUDGE[1]
                    ACTION NO. 20-CI-005267


ROBERT A. MARSHALL                                    CROSS-APPELLEE


OPINION
AFFIRMING APPEAL NO. 2023-CA-1069-MR
AND REVERSING AND REMANDING
CROSS-APPEAL NO. 2023-CA-1105-MR

** ** ** ** **

BEFORE:  CALDWELL, EASTON, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Robert A. Marshall brings Appeal No. 2023-CA-1069-MR

from an August 15, 2023, order of the Jefferson Circuit Court.  Michael L.

Brumleve, as Trustee of the Benedict L. Brumleve Revocable Trust Agreement

dated July 7, 2005; Amy B. Miller, as Trustee of the Benedict L. Brumleve

Revocable Trust Agreement dated July 7, 2005; Douglas J. Brumleve, as Trustee

of the Benedict L. Brumleve Revocable Trust Agreement dated July 7, 2005; and

---

[1] Judge Julie Kaelin succeeded Judge Charles L. Cunningham, Jr., as Judge of Division Four of the Jefferson Circuit Court, effective January 1, 2023.  Judge Kaelin was one of several judges who presided over the proceedings of this case in Jefferson District Court.

Megan B. Theisen, as Trustee of the Benedict L. Brumleve Revocable Trust Agreement dated July 7, 2005, (collectively referred to as the Siblings) bring Cross-Appeal No. 2023-CA-1105-MR from a September 23, 2022, interlocutory order made final by the August 15, 2023, order of the Jefferson Circuit Court. We affirm Appeal No. 2023-CA-1069-MR and reverse and remand Cross-Appeal No. 2023-CA-1105-MR.

## BACKGROUND

Benedict L. Brumleve died testate on September 21, 2018. Brumleve's last will and testament was admitted to probate, and per the terms of the will, Marshall was appointed executor of the estate by the Jefferson District Court (Action No. 18-P-004913) on October 24, 2018. Marshall is a licensed attorney with an LL.M. in taxation and a certified public accountant. Marshall had been Brumleve's personal attorney for many years. Under the will, the primary beneficiaries were the decedent's biological children, Michael L. Brumleve, Douglas J. Brumleve, Amy B. Miller, and Megan B. Theisen (the Siblings).

On April 1, 2020, Marshall filed a proposed final settlement of the estate, wherein it was revealed that Marshall had charged the estate an executor fee of $81,318.44. The Siblings filed an exception to Marshall's fee arguing that the fee was excessive and unreasonable. At a hearing in August of 2020, the district court ordered Marshall to file a detailed invoice setting forth his fees. Marshall

-3-

complied on September 11, 2020, by filing an invoice detailing the date, description of services, and time spent on the estate. In the invoice, Marshall claimed that he spent a total of 245.5 hours working on the estate and initially charged $325 per hour and later $350 per hour. He also included costs totaling $494.44. However, according to Marshall, he did not charge the estate by the hour but rather charged a flat fee based upon a percentage of the estate. Marshall's brief at 6; Marshall's combined reply/cross-appellee brief at 2-3. Marshall states that he only filed the invoice in compliance with the order of the district court.

Before the district court could rule on the issue of Marshall's fee, on September 14, 2020, Marshall filed a Verified Complaint for Declaratory Relief and Settlement of the Estate in the Jefferson Circuit Court pursuant to Kentucky Revised Statutes (KRS) 395.510 and KRS 395.515 (Action No. 20-CI-005267). Therein, Marshall sought an adjudication that he properly charged the estate $81,318.44 as an executor fee and sought a final settlement of the estate. The action divested the district court of jurisdiction to resolve the fee issue. KRS 24A.120(2). The Siblings filed an answer and advanced various counterclaims against Marshall. The Siblings particularly claimed: Marshall breached his fiduciary duty to the estate and to the Siblings, Marshall was unjustly enriched by obtaining fees from the estate for work not performed, and Marshall made

fraudulent misrepresentations as to the amount of work and value of work he performed for the estate.

Shortly after filing the Complaint, Marshall retained the law firm of Lynch, Cox, Gilman & Goodman, PSC, to represent Marshall in the circuit court proceeding. The law firm filed its entry of appearance on November 19, 2020. The case then proceeded in circuit court for almost two years. In March of 2022, the circuit court directed the parties to mediate the dispute. Prior to mediation, the Siblings learned that Marshall was paying his attorney's fees from the estate account. The Siblings then pursued an injunction to prohibit Marshall from utilizing estate assets to pay his attorney's fees and costs associated with the litigation. The circuit court conducted a pretrial conference on September 20, 2022. The next day, on September 21, 2022, Marshall filed a response and maintained:

> After further consideration and given the lack of success of the initial mediation in this matter, Plaintiff/Counterclaim Defendant believes that a more appropriate mechanism to advance this matter would be to have the Probate Court determine the appropriate fee for the Executor and then the parties move forward depending on such ruling.

Marshall's response to status conference at 1. Record at 779.

Thereafter, by order entered September 23, 2022, the circuit court held the declaratory action in abeyance and remanded the matter to the district

court to determine the executor fee issue. The circuit court determined that it lacked jurisdiction as the action was not an adversary proceeding, but rather the district court possessed jurisdiction to approve or disapprove the proposed settlement of the estate, which included Marshall's fee of $81,318.44. The circuit court also commented that "[i]t also bears mentioning that this action has all the hallmarks of forum/venue/judge shopping." September 23, 2022, order at 2.

Upon remand to the district court, in November of 2022, Marshall filed a periodic settlement, and therein, Marshall revealed that the estate had paid to date $45,609.53 in attorney's fees for Marshall.[2] The district court conducted a hearing on March 15, 2023. By order entered that same date, the district court determined that a reasonable executor fee for Marshall was $79,984.44; however, the district court did not decide whether Marshall could properly charge the estate for his attorney's fees. Rather, the district court concluded that the circuit court should decide the issue of whether Marshall's attorney's fees could be paid by the estate.

Upon remand back to the circuit court, on June 19, 2023, Marshall filed a Memorandum of Law Regarding Legal Fees Incurred by the Estate in support of Marshall's position. Therein, Marshall claimed that the attorney's fees

---

[2] These fees were initially associated with counsel's representation of Robert A. Marshall in the circuit court action and then included counsel's ongoing representation of Marshall in the district court.

-6-

were properly charged to the estate as he incurred those expenses in the litigation as executor of the estate. The Siblings filed a response, asserting that the attorney's fees incurred by Marshall only benefited Marshall personally; thus, the Siblings argued that the estate should not be responsible for the attorney's fees. The record reflects that at the time this appeal was filed, Marshall's attorney's fees totaled $94,411,98. In an August 15, 2023, order, the circuit court held that Marshall was not entitled to charge his attorney's fees to the estate.

Marshall immediately filed Appeal No. 2023-CA-1069-MR and the Siblings filed Cross-Appeal No. 2023-CA-1105-MR. Our review proceeds accordingly.

### APPEAL NO. 2023-CA-1069-MR

Marshall argues on direct appeal that the circuit court committed error by determining that the estate was not responsible for paying his attorney's fees. Marshall alleges that he incurred the attorney's fees in his capacity as executor of the estate and in response to the Sibling's challenge to his fee as executor. Marshall maintains that as the executor, he had authority to prosecute and defend claims of the estate and to hire attorneys in furtherance thereof. Marshall believes that his fee as the executor constituted a claim against the estate, and he was authorized to hire counsel to pursue such claim. Marshall also argues that as the amount of his executor fee was ultimately determined in his favor by the district

court, the estate is bound to pay his attorney's fees connected to such litigation. Moreover, according to Marshall, the payment of his executor fee benefited the estate, and the circuit court improperly concluded that litigation concerning the amount of the executor fee provided benefit only to Marshall personally, not the estate.

KRS 395.195 provides that a personal representative may if "acting reasonably for the benefit of the interested persons" employ attorneys "to advise or assist the personal representative in the performance of his administrative duties[.]" KRS 395.195(18). Thus, an estate is required to pay the reasonable and necessary attorney's fees if the personal representative was acting for the benefit of interested persons when employing the attorney. However, an estate is not required to pay attorney's fees incurred by the personal representative or executor in connection with a claim for the personal benefit of executor or personal representative. *Trevathan's Ex'r v. Dees' Ex'rs*, 298 S.W. 975, 982 (Ky. 1927).

On appeal, our review of the circuit court's denial of attorney's fees looks to the sound discretion of the court. *Baston v. Clark*, 980 S.W.2d 566, 577 (Ky. App. 1998). The court's ruling thereon will not be disturbed absent an abuse of discretion. *Ford v. Beasley*, 148 S.W.3d 808, 813 (Ky. App. 2004). For attorney's fees to be awarded, they must also be reasonable. *White v. White*, 883 S.W.2d 502, 506 (Ky. App. 1994).

In the August 15, 2023, order, the circuit court concluded that the litigation concerning the proper amount of Marshall's fee as executor merely benefited Marshall personally and that attorney's fees associated therewith were neither reasonable nor necessary. We have reviewed the record below and the thorough analysis provided by the circuit court in its order denying the award of attorney's fees to Marshall. In particular, we agree with and adopt the following analysis set forth therein:

> Kentucky law provides that "attorneys' fee incurred on behalf of a fiduciary in advancing his or her personal interest, as opposed to that of the Estate as a whole, should not be charged to the Estate." *Id.* (*see also*, *e.g.*, *Shields v. Shields*, 226 S.W. 392, 393 (1920), stating that beneficiaries, "who to protect their interests under the will were required to employ and pay their own counsel by reason of the hostile and unwarranted attitude of the Executor, [should not] be required to pay any part of his attorney's fee in this action"). In other words, an Executor "should be liable in his individual capacity for attorney fees incurred by him in setting up a private claim against the Estate. In a suit for settlement of his accounts in which the representative employs an attorney for the protection of his private interests, he should not be allowed his attorney fees." 2 *Ky. Prac. Prob. Prac. & Proc.* § 1076.
>
> It cannot be seriously argued that the Circuit action, which Marshall initiated himself, and the attorney fees incurred by Marshall when he chose to file in Circuit Court, benefitted or otherwise advanced the interests of anyone other than himself. The Brumleve siblings will receive the entirety of the Estate's remaining assets in equal shares upon settlement, so the more Marshall depletes the Estate's funds to advance his own interests,

-9-

> the more he fails as Executor to protect the Estate, especially since he himself is an attorney and did not have to hire outside counsel if his **only** goal was to protect the Estate. Indeed, the Court is mindful that Mr. Marshall argued to the courts involved here that part of the reason his Executor fee was so high was that he could represent the Estate himself. Yet when it came to his own fee, he chose to hire outside counsel. No one who actually stands to inherit from this Estate was benefited by this.

Order Denying Plaintiff's Motion for Attorney Fees at 3. Record at 1000.

Accordingly, we find no error in the circuit court's order denying payment of Marshall's attorney's fees from the estate and affirm the same.

## CROSS-APPEAL NO. 2023-CA-1105-MR

The Siblings contend that the circuit court erred by concluding that it lacked jurisdiction to decide whether Marshall's executor's fee was reasonable and properly charged to the estate. The Siblings point out that in a proposed final settlement filed with the district court on April 1, 2020, Marshall revealed that he had charged the estate a fee of $81,318.44 as executor. As noted, the Siblings filed an exception to the fee, but before the district court could rule on the executor's fee, Marshall, not the Siblings, filed the adversary proceeding in the circuit court. Thereafter, the case was litigated in circuit court for almost two years. During that time, the parties took substantive discovery and neither party raised any issue regarding the jurisdiction of the circuit court to resolve the dispute. As noted, after the Siblings filed a motion for injunctive relief on June 6, 2022, and the court

conducted a pretrial conference on September 20, 2022, by interlocutory order entered September 23, 2022, the circuit court held the action in abeyance and remanded to the district court to decide whether Marshall's fee as executor was reasonable and could be charged to the estate. The Siblings argue that the circuit court erred by concluding that it lacked jurisdiction and assert that the circuit court did possess jurisdiction to resolve both the executor fee and attorney's fee issues under KRS 24A.120, as the action constituted an adversary proceeding. For the reasons hereafter set forth, we agree.

Under KRS 24A.120, a district court shall have exclusive jurisdiction over:

> (2) Matters involving probate, except matters contested in an adversary proceeding. Such adversary proceeding shall be filed in Circuit Court in accordance with the Kentucky Rules of Civil Procedure and shall not be considered an appeal;
>
> (3) Matters not provided for by statute to be commenced in Circuit Court shall be deemed to be nonadversarial within the meaning of subsection (2) of this section and therefore are within the jurisdiction of the District Court[.]

Thus, under KRS 24A.120, the district court has jurisdiction over probate matters with the exception of contested matters raised in an adversary proceeding. At that point, the circuit court assumes exclusive jurisdiction over contested matters raised in the adversary proceeding.

-11-

KRS 395.510 "is a statute which allows the circuit court [to exercise] jurisdiction for settlement of a decedent's estate." *Goff v. Edwards*, 653 S.W.3d 847, 851 (Ky. 2022). The statute reads, in pertinent part:

> A representative, legatee, distributee or creditor of a deceased person may bring an action in circuit court for the settlement of his estate provided that no such suit shall be brought by any of the parties named except the personal representative until the expiration of six months after the qualification of such representative.

KRS 395.510(1). KRS 395.515 further elucidates the requirements of the action filed in circuit court by providing:

> In such an action the petition must state the amount of the debts and the nature and value of the property, real and personal, of the decedent, so far as known to the plaintiff; if it appears that there is a genuine issue concerning the right of any creditor, beneficiary or heir-at-law to receive payment or distribution, or if it appears that there is a genuine issue as to what constitutes a correct and lawful settlement of the estate, or a correct and lawful distribution of the assets, such issues may be adjudicated by the court; and, if it shall appear that the personal estate is insufficient for the payment of all debts, the court may order the real property descended or devised to the heirs or devisees who may be parties to the action, or so much thereof as shall be necessary, to be sold for the payment of the residue of such debts.

KRS 395.515.

Accordingly at issue in the cross-appeal is the jurisdiction of the circuit court. Given that the jurisdiction of a court presents an issue of law, our review is *de novo*. *McGaha v. McGaha*, 664 S.W.3d 496, 500 (Ky. 2022).

-12-

In this case, Marshall, not the Siblings, filed a complaint in the circuit court under KRS 395.510 and KRS 395.515. In the complaint, Marshall alleged that a dispute existed as to his fee as executor, which constituted a debt of the estate, and that he sought a lawful distribution of estate assets. This clearly constituted a contested matter under KRS 24A.120(2). The parties litigated this issue for almost two years in the circuit court. Neither party contested the circuit court's jurisdiction to resolve the dispute. Yet, after a pretrial conference, the circuit court concluded that it did not have "jurisdiction" and believed that the complaint did not set forth an adversary proceeding as to the reasonableness of the executor fee.[3] As a result, the circuit court held the action in abeyance pending a ruling by the district court on Marshall's proposed settlement of the estate, including the executor fee. From review of its September 23, 2022, order, the circuit court clearly believed it lacked jurisdiction to decide the issue of Marshall's fee as executor and remanded for the district court to determine same.

---

[3] In his combined reply/cross-appellee brief, Marshall argues that the circuit court did not conclude that it lacked jurisdiction and did not remand the action to the district court. Rather, according to Marshall, the circuit court simply permitted the district court to decide the executor fee issue and that it "was the functional equivalent of the Circuit Court appointing a Special Master on the issue of the reasonableness of the Executor's fee." Reply/Cross-Appellee Brief at 13. This argument is disingenuous at best given that Marshall filed the adversary proceeding and after two years of litigation, had a change of heart. And, Marshall cites this Court to no authority that would permit the circuit court to utilize the district court as a special master commissioner because none exists, without the approval of the Chief Justice. *See* Kentucky Rules of Civil Procedure 53.01. Additionally, the circuit court erroneously concluded in its September 23, 2022, order that it lacked jurisdiction to decide the executor fee dispute.

-13-

Considering the facts of this case juxtaposed with the above statutory provisions, we believe the circuit court possessed exclusive jurisdiction to adjudicate whether Marshall's fee as executor was reasonable and could be properly charged to the estate. As specifically stated in Marshall's complaint, the adversary proceeding was authorized by statute and was commenced in the circuit court per KRS 395.510 and KRS 395.515. In this case, the declaratory action constituted an adversary proceeding. As an adversary proceeding, the circuit court possessed jurisdiction to adjudicate the executor fee dispute under KRS 24A.120(2), and the district court had lost jurisdiction to adjudicate same under KRS 24A.120(3). *Hale v. Moore*, 289 S.W.3d 567, 579-80 (Ky. App. 2008). The district court's order entered on March 15, 2023, is null and void. *See Commonwealth v. Health Corp. v. Croslin*, 920 S.W.2d 46, 48 (Ky. 1996).

Accordingly, it was reversible error for the circuit court to hold the action in abeyance and to remand the action to the district court. We, therefore, reverse and remand for the circuit court to conduct a hearing on whether Marshall's fee as executor of the estate was reasonable and determine the amount of fee to be properly charged to the estate.

For the foregoing reasons, we affirm the Jefferson Circuit Court in Appeal No. 2023-CA-1069-MR and reverse and remand Cross-Appeal No. 2023-CA-1105-MR for proceedings consistent with this Opinion.

ALL CONCUR.

| BRIEFS FOR APPELLANT/CROSS-APPELLEE: | BRIEFS FOR APPELLEES/CROSS-APPELLANTS: |
|---|---|
| John D. Cox | John E. Hanley |
| Scott D. Spiegel | Hayden A. Holbrook |
| Petersen S. Thomas | Louisville, Kentucky |
| Louisville, Kentucky | |